CLARK v. LOCKWOOD et al.

A FINAL decree of the United States Courts, confirming a Mexican grant, establishes conclusively the legal title of the grantee to the premises at the date of the presentation of his petition to the Land Commission. And where the confirmee claims in his petition as successor in interest of the original grantee of the Mexican Government by virtue of mesne conveyances from him, the decree is equally conclusive of the validity of his derivative title as of that of the original grantee.

A new trial will not be granted on account of the admission of improper evidence to prove a fact not material to the decision of the action, and independent of which the verdict is supported.

In ejectment the legal title must control. The plaintiff, establishing in himself the legal title, cannot be defeated by showing that such title was acquired by fraud, or is held by him in trust. These are considerations for a Court of Equity, which will control the legal title in his hands so as to protect the just rights of others.

The plaintiff in ejectment claimed title under a decree of confirmation of a Mexican grant, in which the tract confirmed was described as bounded upon the north by the Bernal Rancho, and to prove the position of this northern boundary offered in evidence a patent of the rancho issued by the United States : *Held*, that the patent was admissible, and was *prima facie* evidence of the location of the northern boundary of the tract sought to be recovered.

The title of the purchaser of real estate at execution sale does not depend upon and is not affected by the Sheriff's return upon the writ of execution. The title rests upon the judgment, execution, sale, and deed, and is not impaired by any defect in the return of the officer, or by his failure to make any return.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion of the Court.

*James McM. Shafter*, for Appellants.

*Hoge & Wilson*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This is an action of ejectment to recover the possession of certain premises situated in the counties of San Francisco and San Mateo. The plaintiff deraigns his title from the Mexican Government through a grant issued by Alvarado, Governor of California, to Jacob P. Leese in July, 1841. This grant was presented to the

Clark *v.* Lockwood.

Board of Land Commissioners for confirmation by Henry R. Pay-
son, who alleged in his petition that he claimed the greater part of
the land described therein under the grantee by various mesne con-
veyances, which he designated. The claim of the petitioner was
confirmed by the Board in January, 1855, and afterwards on appeal
by the United States District Court in June, 1856. In April,
1857, the Attorney-General notified the District Attorney that an
appeal would not be prosecuted by the United States, and upon a
stipulation to that effect by the latter officer, the District Court
entered an order giving leave to the claimant to proceed upon its
decree as upon a final decree. The effect of the decree of the
District Court thus rendered final was to establish the validity of
the grant to Leese, and of the title of the claimant to that portion
of the premises granted which he claimed in his petition. The
decree was an adjudication, binding upon the Government and par-
ties claiming under the Government, that the title to the premises
claimed was in the claimant at the presentation of his petition to
the Land Commission, at which date the decree took effect by rela-
tion. The deed from the claimant to the plaintiff, pending the pro-
ceedings for confirmation, passed therefore the title, thus adjudi-
cated, to one undivided fourth of the premises; and upon its
introduction with the petition and final decree, the plaintiff might
have rested his proof as to his title, and confined his further proof
to the determination of the boundaries of the land, and of the
question whether the defendants were in its occupation at the com-
mencement of the action. Assuming that the defendants were
shown to be within the boundaries established, the plaintiff was
entitled to recover. (*Estrada* v. *Murphy*, 19 Cal. 272; *Touchard*
v. *Crow*, 20 Id. 160.) The plaintiff did not, however, rest with
the proof we have mentioned. He proceeded to prove the grant
issued to Leese, and the several intermediate conveyances from the
grantee to him. He also produced another and distinct series of
conveyances, commencing with the grantee and ending with him-
self, together with some evidence as to his prior possession. In
making this proof several days of the trial were occupied, and
numerous and sometimes difficult questions were presented for con-
sideration. And it is principally upon exceptions to the rulings of

the Court upon these questions that the defendants rely for a reversal of the judgment. These exceptions cannot, however, be of any avail to them, even if it be admitted that the Court below erred in its disposition of some of the questions raised. The proof was entirely immaterial, and whether properly or improperly admitted, could not have changed the result. The decree of the United States District Court, rendered final upon the stipulation of the counsel of the Government, was absolutely conclusive, in the present action, as to the title of the confirmee, and could neither be strengthened by the addition of the proof offered, nor weakened by its exclusion. The petition of the claimant, as the basis of the action of the Land Commission and of the United States District Court, and as indicating the nature of the claim asserted, was properly admitted in connection with the final decree, but no further proof than this decree was necessary to establish the existence or genuineness of the grant to Leese which was described in the petition, or of any intermediate conveyances to the claimant. The confirmation inured to the benefit of the confirmee, and those claiming under him, however obtained, and, until set aside, the decree was conclusive as to his title in this action of ejectment. The confirmation, as we said in *Estrada* v. *Murphy*, " establishes the legal title in the confirmee, and this must control in the action of ejectment. If the confirmee, in presenting his claim, acted as agent, or trustee, or guardian, or in any other fiduciary capacity, a Court of Equity, upon a proper proceeding, will compel a transfer of the legal title to the principal, *cestui que trust*, ward, or other party equitably entitled to the same, or subject it to the proper trusts in the confirmee's hands. It matters not whether the presentation were made by the confirmee in his own name in good faith, or with intent to defraud the actual owner of the claim; a Court of Equity will control the legal title in his hands so as to protect the just rights of 'others. But in ejectment the legal title must control."   (19 Cal. 272.)

Upon this view of the title the only matters, which could be properly left to the consideration of the jury, related to the boundaries of the premises and the possession of the defendants. The decrees of the Commission and of the District Court both give specifically

the boundaries of the tract granted to Leese, and both describe the portion which was excepted and reserved from the confirmation as having been previously confirmed by a decree of the Commission to another claimant.    The boundaries given of the tract are as follows:  On the *east*, the waters of the bay of San Francisco ; on the *west*, the Camino Real and the Portezuela ; on the *north*, the land known as the rancho of Cornelio Bernal; and on the *south*, the land known as the rancho of José Sanchez.    The location of the western boundary was clearly fixed by the evidence.    To establish the position of the northern boundary a patent of the United States for the Bernal Rancho was introduced in evidence.    This patent gave with great particularity the boundaries of the tract it embraces —stating the different courses they run, and the links and chains of each course.    It fixed with absolute precision the southern line of the tract, and was therefore *prima facie* evidence of the location of the northern boundary of the land granted to Leese.    We say it was *prima facie* evidence ; it may have been more than this—it may have been conclusive evidence.    Its effect as evidence depended principally upon the character of the grant to Bernal ; whether that were one of a certain quantity only, lying within outer boundaries embracing a larger tract, or one of specific land with defined boundaries.    If the grant were of the first kind, the boundaries of the quantity designated, after its segregation by survey and measurement from the whole tract, *may* have been very different from the outer boundaries of the grant.    If, on the other hand, the grant were of the second kind—that is, of specific land with defined boundaries, the official survey and measurement must have resulted in the simple identification of those boundaries ; and the patent of the United States, giving their location with precision, would have been conclusive evidence of the position of the northern boundary line of the adjoining grant to Leese.    In the present case there was nothing to show the character of the grant to Bernal ; but the presumption is that the boundaries which it gave corresponded with those adopted by the United States in the patent following the confirmation.    The patent was therefore *prima facie* evidence of the location of the designated northern boundary, to establish which it was introduced ; and as there was nothing

shown to rebut this *prima facie* evidence, it was for the purposes of the action conclusive.

To establish the location of the southern boundary line, the plaintiff introduced in evidence an official survey of the rancho of Sanchez—known as the Buri Buri Rancho—made under the directions of the Surveyor-General of the United States for California by one of his deputies, and also a record of juridical possession of the land delivered to the grantee in 1835. It is unnecessary to consider the objections taken to the evidence furnished on this head, as it did not bear upon any rights asserted by the defendants who have appealed from the judgment. There are over twenty defendants to the action, of whom only four are appellants; and of these, two are tenants of the other two. The land which the latter two occupied is situated several miles from the disputed southern line of the premises in controversy; and there was no location suggested even of that line which did not include their possessions. The numerous exceptions taken by other defendants to the evidence offered cannot, therefore, aid the appellants.

Of the several instructions to the jury requested by the defendants, and refused by the Court, counsel alleges error only in the refusal of one. Of the mesne conveyances, through which the confirmee, Payson, deraigned his title from the grantee, Leese, one was executed by the Sheriff upon a sale under a judgment and execution of the District Court; and the instruction asked, if we understand its purport, was to the effect that if the property, according to the description in the Sheriff's return on the execution, differed from the property described in the Sheriff's deed and the decree of the United States District Court, the deed did not pass the property in controversy. The instruction is awkwardly expressed, but the proposition which it advances, is that the Sheriff's deed is inoperative to pass any property except that which is described in his return. The proposition as thus stated is not sound in itself, and if it were sound is inapplicable to the case at bar. The title of the purchaser does not depend upon the return of the Sheriff. It rests upon the judgment, execution, sale, and deed. There may in fact be no return, or it may be defectively made. "The purchaser," as we said in *Cloud* v. *El Dorado County*, "has

no control over the conduct of the officer in this respect, nor is it just or reasonable that he should be responsible for the remissness or negligence of the Sheriff in the discharge of such an office." (12 Cal. 133.) But even if the law were otherwise it could not be invoked to defeat a recovery in the present case. The final decree of confirmation settled the question as to the effect of that conveyance, and determined that the legal title to the premises was in the confirmee. In the action of ejectment this operation of the decree cannot be questioned. This latter consideration also disposes of the exception taken to the instruction, given at the request of the plaintiff, upon the nature of that partial or particular possession, from which a constructive possession of an entire tract is inferred.

Judgment affirmed.