JOSEPH EMERIC, ADMINISTRATOR *v.* H. P. PENNIMAN AND GEORGE S. POTWIN.

ADMINISTRATOR CANNOT MAINTAIN EJECTMENT UNLESS HE REPRESENTS THE LEGAL TITLE.—The Mexican Nation made a grant of land to P. which, after the cession of California to the United States, was confirmed by decree of the Board of Land Commissioners, from which an appeal was taken to the United States District Court. Pending the appeal, P. died, leaving a will. An order was made in the United States Court, on petition of the heirs of P. and the executors of the estate, substituting the heirs in the proceedings in place of P., and the Court then confirmed the land to the heirs, and it was surveyed, and the survey approved. Subsequently, E. was appointed administrator with the will annexed; *Held*, that the legal title was in the heirs, and that the administrator could not maintain an action to recover possession of the same.

PLAINTIFF IN EJECTMENT MUST HAVE OR REPRESENT THE LEGAL TITLE.—A person having an equitable title to land cannot maintain an action to recover possession of the same, but such action must be brought in the name of the person in whom the legal title is vested.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Pratt & Clarke,* for Appellant.

We insist that on the happening of the death of Juana Sanchez de Pacheco, the title to her estate did not remain in abeyance, but at once passed by her will to and vested in the devisees named, *subject, however, to the administrator's or executor's right of possession until the estate should be settled or distributed.* (Sec. 114, Probate Practice Act; Woods' Digest, p. 402; *Meek* v. *Hahn,* 20 Cal. 620; *Beckett* v. *Selover,* 7 Cal. 238.) These adjudications are *explicit on the point,* and are *conclusive* of the question.

It is material to understand *what was* Pacheco's title at the time of her death. This is determined by the case of *Clark* v. *Lockwood,* 21 Cal. 221. The Court therein declaring the *effect* of a final decree of the United States District Court, in land claims, say that "the decree is an adjudication binding upon the Government and parties claiming under the Government; that the title to the premises claimed was in the claimant at the *presentation of his petition to the Land Commission, at which date the decree took effect by relation.*" Nothing in *Estrada* v. *Murphy,* or *Clark* v. *Lockwood* is repugnant to the principle adjudged in *Beckett* v. *Selover,* and *Meek* v. *Hahn, that the right of possession of unsettled and undistributed* estates is in the administrator. They determine, it is true, that the fee is in the claimant, and confirmed as against persons whose claims were not considered; but in no respect contravene the settled doctrine in this State, that the right of possession of lands is in the administrators of estates, regardless of where the fee is until the estate is settled and distributed. So far from being against appellant in this case, as before observed, *Clark* v. *Lockwood,* on the contrary, expressly determines that the *effect* of the decrees of the United States District Court in these land cases is, that if the fee was not in the claimant and petitioner at the date of the filing of the petition, *it becomes so by virtue of the decree itself.*

Who was the petitioner and claimant before the Land Commissioners? Why, Juana Sanchez de Pacheco. What tri-

bunal, under the laws of Congress, had jurisdiction in land claim cases? Why, the Board of Land Commissioners. Has the U. S. District Court any other than *appellate* jurisdiction? Certainly not. The proceedings in the District Court could not be conducted *de novo* as to parties, but only in the name of the original parties before the Board from which the appeal came; or, in case of death, then on suggestion in the name of representatives of such orignal parties. Then, and in such case, as we have seen, the effect of the decree of District Court would be not to vest the fee in the substituted parties, but in the original petitioner. That petitioner and claimant was Juana Sanchez de Pacheco, of whose lands and estate, at the time of her death, the plaintiff below and appellant here, is and was, at the institution of the suit, the administrator. In the District Court on appeal no new claimants and parties could be suggested and legally substituted; those only could be substituted who were the legal representatives of the claimant before the Board, and *that only* for the purpose of continuing and conducting the proceedings.

This is too obvious for discussion. No fee to the land claimed could, by the decree of District Court, go into such substituted and representative parties.

*Thomas A. Brown*, for Respondents.

The executors, Lighston and Castro, should have prosecuted the claim, and secured a confirmation to themselves as the personal representatives of the deceased, and thus they would have held the legal title, and would have been entitled to the possession of the property until they were discharged and a legal distribution of the property made to the devisees. But the decree in this case established the legal title to the rancho to be in the confirmees and not in the executors; and this legal title carries with it the right of possession, and the confirmees hold the ranch as confirmed and surveyed to them, not as heirs or devisees of Juana Sanchez, but by virtue of and according to the terms of the decree of confirmation of them.

16

This decree divested the estate of Juana Sanchez, and her executors or administrators, of all interest in the land as completely as if the claim had been rejected by the United States Courts, or sold to a stranger under execution, foreclosure, or for taxes.

The one hundred and fourteenth, one hundred and ninety-fourth, and one hundred and ninety-fifth sections of the statute regulating the settlement of the estates of deceased persons, which authorizes executors and administrators to take possession of all property of their testators or intestates, relates only to such property as may belong to the estate, and which the heir takes either by devise or inheritance—in which case the title of the heir is traced from the ancestor; and before the heir is entitled to the possession of the property, it must appear that administration is closed, or that the property has been distributed to the heir.


By the Court, CURREY, J.

This is an action of ejectment brought by the plaintiff, as administrator of the estate of Juana Sanchez de Pacheco, deceased, with the will of the deceased annexed, against the defendants, for the recovery of the possession of a portion of the tract of land in Contra Costa County, called the "San Miguel Rancho." From the evidence in the case introduced by the plaintiff it appears that this tract of land was granted, on the part of the Mexican Nation, to the deceased in 1834, and that in 1852 her claim to it was presented to the Land Commissioners appointed under the Act of Congress of 1851, to ascertain and settle the private land claims in the State of California, and that the same was confirmed by such Commissioners; that after such confirmation appeals were taken both by the claimant and the United States to the District Court of the United States for the Northern District of California, soon after which Mrs. Pacheco died, leaving her surviving a number of children and grandchildren, to whom by her last will and testament she devised the said tract of land. After

her death these children and grandchildren—upon their own petition, in which the executors of the testatrix's last will and testament joined—were substituted upon the record in the District Court as the claimants of said tract of land, and afterwards such proceedings were had in the case that the claim of the children and grandchildren to the land was finally confirmed to them, and the same was laid off by a survey duly approved.

When the plaintiff had closed his evidence the defendants moved the Court to nonsuit the plaintiff. The motion was granted, and the ruling in this particular is the ground on which a reversal of the judgment is sought.

In addition to the facts already stated, it appears that the claim of Mrs. Pacheco to the San Miguel Rancho was an inchoate and incomplete grant, which it was necessary to submit to the Board of Land Commissioners before the title to the land could become perfect and vested in any private claimant or claimants. Until a confirmation and segregation of the quantity designated by the grant, the legal title to the land remained in the Government, charged with the equity and interest of the grantee of the Mexican Government and her assigns. (*Henderson* v. *Pointdexter*, 12 Wheat. 543 ; *Hall* v. *Doe*, 19 Ala. 386 ; *Minturn* v. *Brower*, 24 Cal. 644.)

By the Probate Act it is provided that the executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased (Section 114), and he may maintain an action for the recovery of any property, real or personal, or for the possession thereof, in all cases in which the same might have been maintained by the testator or intestate. (Section 195.)

Upon the event of the death of the testatrix, and the proof of the will, and the qualification of the executors, they became entitled to the possession of the rancho, and might have maintained an action for the recovery of its possession in the same manner as she might have done had she continued to live. But it appears that the devisees, to whom the right and interest of the testatrix was transferred by the will, with

the consent of the executors, became substituted upon the record in the United States District Court, to the place of their ancestor and devisor, as claimants of the property, and that the legal title thereto has become vested in them by a final confirmation of their claim and the segregation of the quantity of land granted. By the petition of the executors and devisees, and the subsequent proceedings had relating to the subject matter, the executors became divested of the right which they otherwise would have had under the statute to the possession of the premises. (*Pell* v. *Farquar*, 3 Blackford, 331.)

In *Estrada* v. *Murphy*, 19 Cal. 272, in which the effect of a confirmation of a California land claim under the Act of Congress of 1851 was considered, the Court said: " The confirmation under the Act operates to the benefit of the confirmee, and parties claiming under him, so far as the legal title to the premises is concerned. It establishes the legal title in the confirmee, and this must control in the action of ejectment."

If the confirmees in this case hold the legal title for the use and benefit, or subject to the claims of any other persons than themselves, a Court of equity is competent to control it in their hands so as to protect the just rights of others. But in ejectment the legal title must prevail; and as the evidence produced by the plaintiff showed the title to the premises to be in the confirmees, he was not entitled to maintain an action to recover its possession. (*Clark* v. *Lockwood*, 21 Cal. 222.)

We are of the opinion the nonsuit was properly granted.

Judgment affirmed.