## WILLIAM O'CONNELL v. WILLIAM DOUGHERTY.

LEGAL TITLE TO CONFIRMED MEXICAN GRANT. — A judgment of the Board of Land Commissioners, or of the District Court of the United States, that the claim of the petitioner to a Mexican or Spanish grant is valid, and that the same be confirmed, vests in the petitioner the legal title, notwithstanding he petitioned as administrator with the will annexed of the estate of the grantee, by which will the land was devised to several different persons, himself among the number, and stated the contents of the will in his petition, and prayed that the land might be confirmed to the parties entitled thereto, and notwithstanding his appointment as administrator was void.

IDEM—EQUITABLE TITLE.—In such case the devisees under the will, other than the petitioner, have an equitable title, and the confirmee holds the legal title as trustee for the benefit of the devisees.

EJECTMENT.—Ejectment cannot be maintained on an equitable title.

EJECTMENT ON EQUITABLE TITLE.—If the confirmee of a Mexican grant holds the legal title acquired by the confirmation in trust for other persons, such persons cannot maintain ejectment for the land.

APPEAL from the District Court, Fourth Judicial District, Contra Costa County.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Thomas A. Brown,* for Appellant.

It was contended on the trial that the confirmation was to all the heirs named in Joaquin's petition filed before the Board, and that either or any of the heirs could under the decrees of confirmation maintain ejectment to recover his share ; but the appellant submits, that in all the decrees confirming the title, as also the decrees approving the survey, Joaquin I. Castro alone is recognized as the petitioner and confirmee ; he alone petitioned the Board, and to him alone was the land confirmed ; and being the confirmee and holding the legal title, as such can alone maintain ejectment for the recovery of any part of the land. (*Murphy* v. *Estrada,* 19 Cal. 272 ; *Clark* v. *Lockwood,* 21 Cal. 222 ; *Emeric* v. *Penniman,* 26 Cal. 119.) The use of the title "administrator" in the petition of Joaquin was only a description of the person ; the confirmation was to Joaquin I. Castro, and the plaintiff does not deraign title to the premises from Joaquin, but from Victor Castro, one of the other heirs. If Joaquin by his declaration contained in his petition to the Board of Land Commissioners or otherwise, has shown himself to be the trustee of the other heirs of Francisco M. Castro, that will not alter the case ; as such trustee he holds the legal title, and he alone can maintain ejectment. (*Moor* v. *Spellman,* 5 Denio, 227 ; *Murphy* v. *Estrada,* 19 Cal. 272.) A Court of equity, upon a proper showing, if he be a trustee, will control the estate in his hands, and compel him to execute the trust. (*Murphy* v. *Estrada,* 19 Cal. 272 ; Story's Equity, 98, 976–999, 1,058–1,060.)

*W. W. Crane,* for Respondent.

Respondent claims that as a matter of fact and law the confirmation was to the several heirs at law of Francisco Castro, deceased, including Victor Castro, his (respondent's) grantor, instead of to Joaquin I. Castro, administrator. The grant of Governor Figueroa was directly to the heirs of Francisco Maria Castro. The petition for confirmation was really

the petition of all the heirs of Francisco through Joaquin as their mouthpiece. The prayer indicates its true character. If the "petitioner" was Joaquin I. Castro alone, yet as above shown his claim was made on behalf of his co-heirs as well as himself; and viewed in this light the judgment "that the application for a confirmation be allowed," must, by every reasonable intendment, have reference to the application actually made, which was that the land be confirmed to the parties entitled thereto, to wit: the heirs of F. M. Castro, deceased. Afterwards, on the 24th of February, 1858, the U. S. District Court, on appeal, affirmed the decree of the Board of Land Commissioners. The language of this decree of affirmation is: "That the said decision be and the same is hereby affirmed; and it is likewise further ordered, adjudged, and decreed that the claim of the said appellant is a good and valid claim." We therefore respectfully submit, that taking the petition and the several decrees of confirmation together, the only reasonable construction is, that a confirmation was had in favor of all the heirs of Francisco M. Castro, deceased. In the case of *Estrada* v. *Murphy*, 19 Cal. 272, Murphy petitioned for confirmation to himself alone, and the decree confirmed the land to him alone. In the case of *Clark* v. *Lockwood*, 21 Cal. 220, it appears that the petition to the Board of Land Commissioners was by Payson in his own behalf, and the confirmation was to him alone.

By the Court, SAWYER, J.:

This is an action to recover possession of a tract of land, being a part of the San Pablo Rancho, in Contra Costa County. Prior to 1831, Governor Arguello made a grant of three square leagues of land in Contra Costa County to Francisco Maria Castro. Said Castro shortly afterward went into possession, made improvements, and thereafter occupied the lands granted till his death, in 1831. Said Castro left a will, by which he devised one half of said lands to his surviving wife, and divided the other half equally among his eleven children—

one of his sons, Joaquin Isidro Castro, being named executor. Afterward, in 1834, on the petition of said Joaquin Isidro, for himself and the other parties in interest, Governor Figueroa recognized the former grant of said Francisco, and, upon his order, a formal title was made out and delivered to said Joaquin I. Castro, as the testamentary executor of said Francisco, for the benefit of the successors in interest of said Francisco. In 1852 said Joaquin procured letters of administration, with the will of Francisco annexed, to be issued to him by the Probate Court of Contra Costa County. Subsequently he presented in his own name, describing himself as administrator, a petition for confirmation of said grant, to the Board of Land Commissioners. It commences as follows:

"Joaquin Isidro Castro, administrator, with the will annexed, of the estate of Francisco Maria Castro, deceased, respectfully represents." It then states the foregoing, among other facts, giving the names of the devisees and their heirs, etc., then interested in the estate. Throughout the petition the applicant for confirmation is continually referred to as "this petitioner," "petitioner represents," "petitioner further represents," etc. No person other than himself is made a party, or in any way purports to speak in the petition. He states his appointment as administrator, and evidently intends to represent the entire estate. The petition, however, closes with the following prayer: "Wherefore, petitioner prays that said land may be confirmed and granted to the parties entitled thereto as aforesaid." The decree of confirmation by the Land Commissioners is in the following words: "*Joaquin Isidro Castro, ad., etc., of estate of Francisco Castro, deceased,* v. *The United States.* In this case, on hearing the proofs and allegations, it is adjudged by the Commission that the claim of the petitioner is valid; it is therefore decreed that the application for confirmation be allowed," etc. And, on appeal to the District Court, it is "decreed that the claim of the said appellant is a good and valid claim, and the same is hereby confirmed," etc. It is clear that this proceeding was had in the name of said Joaquin I. Castro, and the confirmation was

to him alone. Whether his appointment as administrator was void, or valid, can make no difference. The confirmation was to him, and the legal title is in him, or will be when the patent issues; and for all the purposes of this action, under the Act of June 14, 1860, he stands in the same position as he would if the patent had issued. (*Scale* v. *Ford*, 29 Cal. 106.)

The plaintiff deraigns title to one undivided twenty-fourth part of the premises in question through Victor Castro, one of the sons and devisees of Francisco Castro, and claims to recover on said title. He insists that the confirmation was in favor of all parties in interest, because their names were stated in the petition, and because of the form of the prayer. But his grantor was no party to the petition or to the record, and the land was not confirmed in his name, but to the petitioner in the record, Joaquin I. Castro, in whom the legal title is. The devisees named in the petition are not parties to the proceeding, and are in no way bound by the averments in respect to their interest therein contained. It might ultimately turn out that these averments are not true, and that the real parties beneficially interested were entirely different. The plaintiff, claiming under Victor Castro, has but an equitable estate. Joaquin I. Castro, doubtless, holds the legal title as trustee for the benefit of the devisees or heirs of said Francisco, whoever they may, in fact, be, and their successors in interest; but, however this may be, the legal title is in him as confirmee. He was the only *party* known in the proceeding, or bound by the decree of confirmation. The Court will in a proper action compel the trustee to convey to the real parties in interest. (*Salmon* v. *Symonds*, and cases cited, 30 Cal. 301.) Until he does convey, actions for the recovery of the land based upon the title must be brought in his name. These principles have already been settled in this State. (*Estrada* v. *Murphy*, 19 Cal. 272; *Clark* v. *Lockwood*, 21 Cal. 222; *Emeric* v. *Penniman*, 26 Cal. 119.) It follows that the plaintiff cannot maintain this action on his title derived from Victor Castro.

Judgment reversed and cause remanded.

SHAFTER, J., dissenting.

The legal title is in the person or persons in whom the decree adjudges the right of confirmation to be vested. This raises a question of construction. The decree of the Commissioners adjudges, first, " that the claim of the petitioner is valid ;" second, " It is therefore decreed that the application for a confirmation be allowed." The character of the petitioner's " application" is to be gathered from the petition—its allegations and prayer. The petition having stated facts showing that the right to confirmation was in the devisees of Francisco Maria Castro—the petitioner himself being one of the number—and not in the estate of the devisor, prays that " said land may be confirmed and granted to the parties entitled thereto as aforesaid." From the allegations, and the prayer that follows them, it is apparent to my mind that the petitioner " claimed," among other things, that he and the other devisees were entitled, as such, to confirmation, and that he " applied " to have the land " confirmed and granted " to those parties, for the reason that they were so " entitled." This was the " application " that was " allowed." The decree of the District Court was as follows : " It is hereby ordered, adjudged and decreed that the said decision be and the same is hereby affirmed ; and it is likewise further ordered, adjudged and decreed that the claim of said appellant is hereby confirmed to the extent of four leagues." The apparent difference between the two styles of expression in the decree should be harmonized, if possible, and this may be very readily done by adding, after the word " leagues," the words " in manner and form above stated." The case is distinguishable from those cited in the majority opinion. In *Estrada* v. *Murphy*, 19 Cal. 272, it was agreed that the premises " were finally confirmed to said Martin Murphy and no other person, under the Act of Congress," etc. This stipulation excludes all idea of a confirmation to Estrada, as devisee of the heir of the original grantee. In *Clark* v. *Lockwood*, 21 Cal. 220, the petition stated no title but one vested in the petitioner, and the con-

firmation was of that title, according to the prayer. In *Emeric* v. *Penniman*, 26 Cal. 119, the confirmation was in terms to the heirs of Penniman, the grantee, and it was held that his administrator could not bring ejectment for that reason. That decision, like the others, establishes the general principle that the right to sue in ejectment is in the party who has the legal title, and that the legal title, in the class of cases to which the one at bar belongs, is in the person or persons to whom the decree runs. Accepting, and not controverting, these conclusions, I consider that the decree in *Castro* v. *The United States,* when read in the light of the rights asserted and of the " application " expressed in the petition to which the decree refers, imports a confirmation to the devisees of Castro, of whom the plaintiff was one, and not to the plaintiff as administrator. On these grounds I consider that the judgment should be affirmed.

Mr. Chief Justice CURREY did not express any opinion.