[No. 2,826.]

ELIZA M. HARTLEY, ADMINISTRATRIX OF THE ESTATE OF HENRY HARE HARTLEY, DECEASED, THOMAS M. SWAN, SAMUEL C. GRAY, B. C. WHITMAN, JOHN D. STEVENS, AND WILLIAM S. WELLS, *v.* WILLIAM B. BROWN, RICHARD C. HAILE, NATHAN M. LINCOLN, BERRY BLANKENSHIP, WESLEY LAMBERT, MARK A. LONG, JOHN SMITHERS, L. GREEN McWILLIAMS, CHARLES WESLEY BROWN, AND RICHARD ROE.

CONFIRMEES OF MEXICAN GRANT. — The legal title to a Mexican or Spanish grant of land vests in the confirmees and their assigns.

LEGAL TITLE IN EJECTMENT. — If the confirmation of a Mexican grant of land is made to the children of the grantee, they have the legal title, and they and their assigns will prevail in ejectment against one claiming title under a sale made by the administrator of the grantee, when no equitable defense is set up.

LEGAL TITLE TO MEXICAN GRANT. — The title which passes to the confirmee and patentee of a Mexican grant, when such confirmee and patentee

is not the grantee, does not inure to the benefit of a purchaser at a sale made by an administrator of the grantee, so as to vest in him the legal title.

LEGAL TITLE IN EJECTMENT. — In ejectment the legal title must prevail where there is no valid equitable defense set up.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The defendants recovered judgment in the Court below, and the plaintiffs appealed.

The other facts are stated in the opinion.

*Williams & Thornton, William S. Wells,* and *James L. English,* for Appellants.

The findings show that the legal title to the premises involved in this suit, acquired by the confirmees and patentees of the Tolenas Rancho, was, at the time of the institution of this suit, vested in the plaintiffs. (*Estrada* v. *Murphy,* 19 Cal. 272; *Clark* v. *Lockwood,* 21 Cal. 222; *Emeric* v. *Penniman,* 26 Cal. 119; *O'Connell* v. *Daugherty,* 32 Cal. 462–464.)

*M. A. Wheaton, Leeman Haile,* and *John G. Presley,* for Respondents.

The land was sold by the administrator, all the heirs at law being parties, before the Probate Court, in the course of administration. The patent confirms the land to plaintiffs' grantors as heirs of Antonio Maria Armijo, but subject to the rights of third persons. It is submitted that the legal title to so much of the grant as was sold by the administrator, according to the forms of law, passed to the grantees under the said administrator upon the issuing of the patent. (Hittell's Digest, 675.) The administrator's deed, the heirs being parties, conveys the absolute fee simple title.

If the conveyance of the administrator, made by order of the Probate Court having obtained jurisdiction of the subject matter and the parties, does not pass the fee, neither do

the deeds of the heirs themselves; heirs cannot make a perfect conveyance before the close of administration. If the deed of the administrator made before the date of the patent did not pass the title, the deeds of the heirs all bearing date before the date of the patent, could pass no better title to plaintiffs.


By the Court, RHODES, J.:

This is an action of ejectment to recover the possession of a portion of the Tolenas Rancho. The title was confirmed to the heirs of Antonio Maria Armijo, deceased; and a patent was duly issued to them by the United States, in pursuance of the decree of confirmation and survey of the rancho. The plaintiffs claim title by means of conveyances made by the heirs, intermediate the filing of their petition for the confirmation of their claim to the rancho and the issuing of the patent. The defendants claim title through a sale and deed made by the administrator of the estate of Antonio Maria Armijo, deceased, under the orders of the Probate Court of Solano County. They do not set up an equitable defense, nor do they allege any facts by means of which the confirmation or patent inured to their benefit.

The land described in the grant was confirmed to the petitioners—Dolores Riesgo, and others who are named, and are described as the heirs of Antonio Maria Armijo, deceased—and the patent was issued to them; and the effect of the confirmation and patent was to vest in them and their grantees the legal title. That title must prevail in an action of ejectment in the absence of a valid equitable defense. If it be conceded that the defendants have shown a valid deed, executed by the administrator of the estate of Antonio Maria Armijo, deceased, sufficient to convey the interest which the deceased had in the land, such deed will not entitle them at law to the benefits of the confirmation and patent. The legal

title vests in the confirmees and their assigns, and not in the assigns of their ancestor or grantor. (*Estrada* v. *Murphy*, 19 Cal. 272; *Clark* v. *Lockwood*, 21 Cal. 222; *Emeric* v. *Penniman*, 26 Cal. 119; *O'Connell* v. *Dougherty*, 32 Cal. 462; *Schmitt* v. *Giovanari*, 43 Cal. 617.) In *Emeric.* v. *Penniman,* the grantee of the Mexican Government filed the petition for the confirmation of the claim, but after his death his devisees were substituted as parties in his stead, and the land was confirmed to them; and the administrator of the deceased grantee having brought ejectment, it was held that he could not recover, because the legal title was in the confirmees. In *O'Connell* v. *Dougherty,* one of the sons of the grantee, who was also the executor of the grantor, procured a confirmation in his own name, and it was held that the plaintiff, who deraigned title from another son and devisee of the grantee, could not maintain ejectment, because he did not hold the legal title. It is useless at this time to review those cases, or discuss the reasons upon which the rule was founded; but recognizing that rule as the settled law of this State, the conclusion necessarily results that the title which passed to the confirmees by virtue of the confirmation and patent did not inure to the purchaser at the administrator's sale, so as to vest in him the *legal* title.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.