LERCH (MILLER v.). See Case No. 9,579.

LE ROY (BALDWIN v.). See Case No. 800a.

LE ROY (BURTON v.). See Case No. 2,217.

----

## Case No. 8,266.

### LE ROY v. CARROLL et al.

[3 Sawy. 66.] [1]

Circuit Court, D. California. June 19, 1874.

MEXICAN GRANT — LIMITATION—VAN NESS ORDINANCE.

The statute of limitations of California does not begin to run against a confirmed Mexican grant finally located under the act of congress of 1860 (12 Stat. 34), until the patent issues.

[This was an action of ejectment by Theodore Le Roy against John Carroll and others to recover certain property claimed by defendants under a title by possession, and claimed by plaintiff by virtue of a patent from the United States.]

Wm. Mathews, for plaintiff.
Wm. H. Patterson, for defendants.

SAWYER, Circuit Judge. Action to recover a tract of land within the charter lines of the city of San Francisco, as established by the act of incorporation of 1851. The plaintiff relies on a patent of the United States issued upon a confirmed Mexican grant. The defendants and their grantors have been in possession since January 1, 1855, claiming title by possession under the Van Ness ordinance, the act of the legislature confirming the same, and the act of congress of 1864 [13 Stat. 332], ratifying said title under said ordinance and act of the legislature; and they rely upon said possession and acts, and the statute of limitations. The only question

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

is, when did the statute of limitations begin to run under plaintiff's title? The plaintiff's grant was located under the act of June 14, 1860, and the location became final by publication under that act as early as September, 1861; but the patent did not issue till June 1, 1870. This action was commenced May 5, 1873, within five years after the issue of the patent, but more than ten years after the location became final. If, then, the statute began to run from the date of the final location, or from the passage of the statute of limitations of 1863, the action is barred. But if it did not begin to run till the date of the patent, the action is not barred. By the terms of the statute of limitations of 1863, the action is barred, for under its provisions it began to run without regard to the final confirmation of the grant; but in Montgomery v. Bevans [Case No. 9,735], Mr. Justice Field held that, it was incompetent for the legislature of California to pass an act that would cut off the right of action to recover lands under a confirmed Mexican grant after final confirmation, by a statute of limitations commencing to run before the title was finally perfected under the acts of congress relating to the subject—that as against a perfected title under such grant, the "statute of limitations can only begin to run from the date of the consummation of the title;" and this principle was affirmed by the supreme court at the last term in Henshaw v. Bissell, 18 Wall. [85 U. S.] 255. But the question still remains, what constitutes such a "consummation of the title" as will set the statute in motion?

The fifth section of the act of 1860 (12 Stat. 34), under which the grant in question was located, provides that "the plat and survey so finally determined by publication, order, or decree, as the case may be, shall have the same effect and validity in law as if a patent for the land so surveyed had been issued by the United States."

It is insisted that, under this provision, the title is perfect from the date when the location becomes final; that the grant has then been irrevocably attached to a specific tract of land; that the decree and record of the proceedings finally locating the land is complete record evidence of a perfect title to the specific tract embraced in the location equal in dignity and effect with the patent; that a patent is unnecessary, and only affords another form of record evidence of no greater efficacy; that its issue is a mere ministerial act, which may be performed, or omitted, without prejudice to the right or title of the confirmee; that every essential act has been performed by the government in thus perfecting the right of the confirmee, and furnishing record evidence of his right: that the confirmee under the act has a legal title upon which ejectment or any other action may be maintained; that if a patent was before necessary to perfect the confirmee's right, it is now perfected by the final location under

the further act of 1860, or else the latter act has not the same effect and validity in law as if a patent had issued; that if a patent would otherwise convey the legal estate, the same is accomplished by the final location under this act, and, if a patent would set the statute of limitations in motion, then it is set in motion by such final location, or else the final location under the act does not have the same effect and validity in law as if a patent had been issued, and which the statutes say it shall have. In short, that, whatever be the effect and operation of the patent, the final location under the act of 1860, by the express terms of that act, has the same operation and effect as the patent itself; that the supreme court of California has given full effect to this provision of the act of congress in Seale v. Ford, 29 Cal. 106; O'Connell v. Dougherty, 32 Cal. 462; and has held the location under said act to be the final confirmation of the grant. Mahoney v. Van Winkle, 33 Cal. 448; Hubbard v. Smith, [unreported]; Bissell v. Henshaw [Case No. 1,447]. Such is briefly the argument of defendants, and to my mind it appears unanswerable. I adopted this view on a former occasion; and if there were nothing else, I should adhere to it now. But the learned justice of the supreme court assigned to the circuit, in a case arising under the Sutter grant, recently tried, expressed a different opinion, and held that the title was not so far perfected as to set the statute in motion until the patent issued. Since that time, the case of Henshaw v. Bissell [18 Wall. (85 U. S.) 255], has been decided by the supreme court of the United States, in which the same learned justice delivered the opinion, and, although he does not use the term patent in determining the point of time at which the statute begins to run, but says that the "statute can only begin to run against the title perfected under legislation of congress, from the date of its consummation," I have no doubt, from the general language of the decision, and the previous rulings of the learned justice, that he means by the term, the "date of its consummation," the date of the patent. It is said that in that case the action was not barred in any view, whether the date of the passage of the statute of limitations, the date when the location became final, or the date of the patent, be taken as the point of time, when the statute begins to run, and that the language of the opinion is, therefore, only a dictum of the judge. The fact that the court discussed and decided the point under the circumstances of the case, and the well-known circumstances connected with the question, in this state, satisfies me, that it was intended to deliberately consider and decide the point. I shall, therefore, regard the point as settled by the supreme court. If it is to be reconsidered, and, with deference, I think it worthy a reconsideration, I shall leave the task to that tribunal, where it properly belongs. It follows from

this view that the action is not barred, and that there must be judgment for the plaintiff with costs, and it is so ordered.

[For a suit by the same plaintiff seeking to restrain certain officers of the United States army from taking possession for the United States of property which the plaintiff claims under the Van Ness ordinance, see Case No. 8,273.]