[No. 2826.]

ELIZA M. HARTLEY, ADMINISTRATRIX OF THE ESTATE OF HENRY HARE HARTLEY, DECEASED, THOMAS M. SWAN, SAMUEL C. GRAY, B. C. WHITMAN, JOHN D. STEVENS, AND WM. S. WELLS v. WM. B. BROWN ET AL.

EFFECT OF CONFIRMATION OF MEXICAN GRANT.— If, after the death of the grantee of an unconfirmed Mexican grant, his heirs petition for and obtain a confirmation of the title to them, and the patent issues to them, they become vested with the legal title, and if the administrator of the grantee sells the land under an order of the Probate Court, the patentees will prevail in ejectment against the purchaser at such sale, if the defendant does not set up and establish an equitable defense.

LEGAL TITLE IN EJECTMENT.—In ejectment the legal title will prevail against an equitable one if no equitable defense is pleaded.

CONFIRMATION OF MEXICAN GRANT.—If a Mexican grantee dies and his heirs petition for and obtain to themselves a confirmation of the grant, and the patent issues to them, the legal title vests in the heirs and their grantees, and does not inure to the benefit of one who purchases at a probate sale made by the administrator of the grantee, so as to vest in him the legal title.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

Ejectment brought on the sixth day of December, 1869, to recover a part of the Tolinas or Armijo rancho, situated in Solano county. Juan B. Alvarado, Governor of California, on the third day of March, 1840, granted said rancho to Jose Francisco Armijo. On the seventeenth day of

March, 1846, said Jose conveyed the rancho to his son, Antonio Maria Armijo. The son died after April 22, 1850, leaving a widow and seven children.

On the ninth day of February, 1852, the widow and children petitioned the board of commissioners appointed under the act "to ascertain and settle private land claims in the State of California," to confirm the grant to them. The commissioners, on the eighth day of August, 1854, rejected the claim. On appeal to the District Court of the United States for the Northern District of California, the decree of the commissioners was reversed, and the grant was confirmed to the petitioners by name, and the decree of the District Court was, on appeal to the Supreme Court of the United States, affirmed by that tribunal, at the December term, 1859. A patent was issued to the confirmees by the United States, on the twelfth day of October, 1868. Between the fourteenth day of February, 1853, and the first day of January, 1866, the widow and children conveyed their interest in the land to the plaintiffs or their grantors.

On the twenty-second day of May, 1851, Jose S. Berryessa petitioned the probate court of Solano county to be appointed administrator of the estate of Antonio Maria Armijo, deceased, and on the twenty-fourth day of June following, letters of administration were issued to him. On the twenty-fourth day of December, 1851, the administrator petitioned the probate court for leave to sell the real estate of the deceased, and such proceedings were had that the probate court made the necessary order for the sale, and the sale was made in the year 1852, and the grantors of the defendants became the purchasers, and received a deed from the administrator. The defendants were in possession under said conveyances. The court rendered judgment for the defendants and the plaintiffs appealed.

*Williams & Thornton, Wm. S. Wells,* and *James L. English,* for the Appellants.

The legal title vested in the plaintiffs. (*Estrada* v. *Murphy,* 19 Cal. 272; *Clark* v. *Lockwood,* 21 Cal. 222; and *Emeric* v. *Penniman,* 26 Cal. 119.)

*M. A. Wheaton, Leeman Haile,* and *John G. Pressley,* for the Respondents.

By the Court, RHODES, J.;

This is an action of ejectment to recover the possession of a portion of the Tolenas rancho. The title was confirmed to the heirs of Antonio Maria Armijo, deceased; and a patent was duly issued to them by the United States, in pursuance of the decree of the confirmation and the survey of the rancho. The plaintiffs claim title by means of conveyances made by the heirs, intermediate the filing of their petition for the confirmation of their claim to the rancho, and the issuing of the patent. The defendants claim title through a sale and deed made by the administrator of the estate of Antonio Maria Armijo, deceased, under the orders of the probate court of Solano county. They do not set up an equitable defense, nor do they allege any facts by means of which the confirmation or patent inured to their benefit.

The land described in the grant was confirmed to the petitioners, Dolores Riesgo and others who are named, and are described as the heirs of Antonio Maria Armijo, deceased, and the patent was issued to them; and the effect of the confirmation and patent was to vest in them and their grantees the legal title. That title must prevail in an action of ejectment in the absence of a valid equitable defense. If it be conceded that the defendants have shown a valid deed, executed by the administrator of the estate of Antonio Maria Armijo, deceased, sufficient to convey the interest which the deceased had in the land, such deed will not entitle them at law to the benefits of the confirmation and patent. The legal title vests in the confirmees and their assigns, and not in the assigns of their ancestor or grantor. (*Estrada* v. *Murphy,* 19 Cal. 272; *Clark* v. *Lockwood,* 21 Cal. 222; *Emeric* v. *Penniman,* 26 Cal. 119; *O'Connell* v. *Dougherty,* 32 Cal. 462; *Schmitt* v. *Giovanari,* 43 Cal. 617.) In *Emeric* v. *Penniman,* the grantee of the Mexican government filed a petition for the confirmation of the claim, but after his death, his devisees were substituted as parties in

his stead, and the land was confirmed to them; and the administrator of the deceased grantee having brought ejectment, it was held that he could not recover, because the legal title was in the confirmees. In *O'Connell* v. *Dougherty,* one of the sons of the grantee, who was also the executor of the grantor, procured a confirmation in his own name, and it was held that the plaintiff, who deraigned title from another son and devisee of the grantee, could not maintain ejectment, because he did not hold the legal title. It is useless at this time to review those cases, or discuss the reasons upon which the rule was founded; but recognizing that rule as the settled law of this State, the conclusion necessarily results that the title which passed to the confirmees by virtue of the confirmation and patent, did not inure to the purchaser at the administrator's sale, so as to vest in him the legal title.

Judgment and order reversed and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.