O'CONNELL et al. v. PINNACLE GOLD MINES CO.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1905.)

No. 1,162.

DESCENT—PROPERTY SUBJECT TO DESCENT—POSSESSORY RIGHT IN UNPATENTED MINING CLAIM.

The possessory right of a locator of a mining claim, who has not applied for a patent nor done anything to obtain title other than to do the required assessment work, is property, and upon his death passes to his heirs by descent, and not directly as the designated donees or beneficiaries of the United States under the mining laws, and hence such rights may be administered upon and sold as other property by his executor or administrator.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

For opinion below, see 131 Fed. 106.

Victor E. Palmer, G. Ward Kemp, and Will H. Thompson, for plaintiffs in error.

J. B. Metcalfe, James B. Howe, and John S. Jurey, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Ejectment was brought by the plaintiffs in error, as heirs at law of James O'Connell, deceased, to establish title to and recover possession of an undivided five-sixths interest in certain unpatented quartz mining claims situated in Okanogan county, state of Washington, located by said James O'Connell, who died intestate in March, 1899. The defendants in error claimed title under an administrator's sale of the estate of said decedent and a deed from Alice O'Connell O'Neil, a surviving sister of James O'Connell, who by the decree of the probate court was adjudged to be the sole heir at law of said decedent. The Circuit Court gave judgment on the pleadings for the defendants in error.

The sole question presented in this court is whether the possessory rights of a locator of a mining claim, who has not applied for a patent or paid the purchase price therefor and has done nothing to perfect title, other than to do the annual assessment work required by law, pass upon the death of the locator directly to his heirs as the designated donees or beneficiaries of the United States under the mining laws, and not by descent from the deceased locator. The plaintiffs in error con-

tend that the rule applied to the construction of each of the other land laws should be applied in construing the mining laws, that the possessory rights of James O'Connell to his unpatented mining claims never formed a part of his estate, and that therefore the probate court of Okanogan county never had jurisdiction to dispose of the same.

It is true that, in construing the law relative to pre-emption, homestead, timber culture, and donation land claims, it is uniformly held that the heirs of a settler or claimant, where the word "heirs" is used in such statutes, take directly from the United States as its donees and not by descent. This construction is based upon the peculiar wording of the statutes. Thus, the pre-emption law provides that, in case of the death of the pre-emptor before consummating his claim, patent shall issue to his heirs. In the homestead law, the provision is that in case of the death of the entryman his widow, and in case of her death his heirs or devisee, shall be entitled to the patent. In the donation land law it is provided that, in case of the death of donation settlers, their children or heirs shall be entitled to the patent. In all these laws the grant is to the children or heirs only in case of the death of the settler before the issuance of the patent. But in the mining laws the grant is different. Section 2322, Rev. St. [U. S. Comp. St. 1901, p. 1425], gives to the locators, their heirs and assigns, the exclusive right of possession and enjoyment of the surface of the claim and of the veins apexing therein; and in section 2324 it is provided that a claim on which the necessary work has not been done for one year shall be open to relocation unless the original locators, their heirs, assigns, or legal representatives, shall resume work before relocation. In addition to this the locator of a mining claim is given a higher estate than is given to the settler or locator under any other of the land laws. He is given the right to extract and convert to his own use all the ores and precious metals which may be found within the borders of his claim without buying or paying for the land. His claim may be assigned, conveyed, mortgaged, and taken under execution.

In Forbes v. Gracey, 94 U. S. 762, 24 L. Ed. 313, the court said of unpatented mining claims:

"They are property in the fullest sense of the word, and their ownership, transfer, and use are governed by a well-defined code or codes of law, and are recognized by the states and the federal government. This claim may be sold, transferred, mortgaged, and inherited, without infringing the title of the United States."

In Belk v. Meagher, 104 U. S. 279–283, 26 L. Ed. 735, it was said:

"A mining claim perfected under the law is property in the highest sense of that term, which may be bought, sold, and conveyed, and will pass by descent."

That language was quoted with approval in Noyes v. Mantle, 127 U. S. 353, 8 Sup. Ct. 1132, 32 L. Ed. 168, and in Sullivan v. Iron & Silver Mining Co., 143 U. S. 434, 12 Sup. Ct. 555, 36 L. Ed. 214, and other cases.

In Manuel v. Wulff, 152 U. S. 505–510, 14 Sup. Ct. 651, 653, 38 L. Ed. 532, the court said:

"And by section 2322, Rev. St. [U. S. Comp. St. 1901, p. 1425], it is provided that, when such qualified persons have made discovery of mineral lands and complied with the law, they shall have the exclusive right to possession and enjoyment of the same. It has, therefore, been repeatedly held that mining claims are property in the fullest sense of the word, and may be sold, transferred, mortgaged, and inherited without infringing the title of the United States, and that, when a location is perfected, it has the effect of a grant by the United States of the right of present and exclusive possession."

It is said against the force of these quotations from the decisions of the Supreme Court that the remarks of the court in regard to the nature of the mining locator's estate and its descent by inheritance were in the nature of dicta, since no question of the right of heirs was presented. We think, however, that they are more than mere dicta, and that they must be regarded, reiterated, as they have been, in so many decisions, as having been intended to express affirmatively the recognition by that court of the nature of such an estate as it has been settled and defined by the uniform rulings of the courts of the states in the mining country. In Billings v. Aspen Mining & S. Co., 51 Fed. 338, 2 C. C. A. 252, the Circuit Court of Appeals for the Eighth Circuit held that an unpatented mining claim passes by descent to the heirs at law of the deceased locator.

The plaintiffs in error cite the case of Black v. Elk Horn Mining Co., 163 U. S. 445, 16 Sup. Ct. 1101, 41 L. Ed. 221, as authority for their contention. That case goes no further than to hold that a dower right is not attached to the locator's estate in an unpatented mining claim. That conclusion was reached upon a consideration of the terms of the grant to the locator in which, the court said, there was no grant of any right to the wife, but that the right was granted to the locator and to his heirs and assigns, "coupled with no condition that hampers the right to convey by incumbering it with an inchoate right of dower." The court reasoned that if a locator could, of his own act, abandon his claim, so as to cause it to revert to the United States, he might assign his right to another, without the consent or signature of his wife. That decision does not affect the question here presented.

The judgment of the Circuit Court is affirmed.