[Sac. No. 2178. Department Two.—July 22, 1915.]

## CLARA J. WALLACE, Appellant, v. R. J. HUDSON, Respondent.

MINING LAW—POSSESSORY RIGHTS OF LOCATOR—TITLE PASSES TO HEIRS —RIGHT OF SALE DURING ADMINISTRATION.—The possessory right of a locator of a mining claim is property, and upon his death passes to his heirs by descent and not directly to them as the designated donees or beneficiaries of the United States under the mining laws, and such right may be subjected to administration and sold as other property by the executor or administrator.

ID.—PROBATE SALES—SUBSEQUENT PATENT TO HEIRS—TITLE INURING TO PURCHASERS.—Where the possessory title by inheritance to a mining claim was in course of administration when the purchase price was paid for the legal title to the United States government by the estate of the locator, and the patent was thereafter issued to his heirs, their legal as well as their equitable title inured to the purchasers at probate sales of the claim during the administration. The patent did not defeat those sales which were not void but of full effect.

APPEAL from an order of the Superior Court of Kings County denying a new trial. M. L. Short, Judge.

· The facts are stated in the opinion of the court.

J. W. Wiley, and W. R. McQuiddy, for Appellant.

R. J. Hudson, *in pro. per.*, for Respondent.

MELVIN, J.—Plaintiff and appellant sued to annul a contract by which defendant, who is an attorney at law, agreed to represent her and her children in an endeavor to establish their title to an interest in certain property which had been theretofore patented to Fred Bader, R. L. McCutcheon, and the heirs of W. G. Wallace. Plaintiff is the widow of said W. G. Wallace, deceased. The appeal is from the order denying plaintiff's motion for a new trial.

. By the terms of the agreement the defendant was to have one-half of all land recovered. In her complaint Mrs. Wallace alleged that after she entered into the contract she ascertained that she had no interest in the land described therein and for that reason she desired to have the agreement annulled.

It was stipulated at the trial that the patent was issued June 30, 1904; that Wallace had died in 1901; that one-quarter interest in the property described in the patent was inventoried as belonging to W. G. Wallace; that letters of administration had been previously issued upon the estate of said Wallace; that all of the said one-quarter interest was sold under probate orders in the estate, except the north twenty acres; that the interest of Wallace in that tract was distributed by the probate court to the widow and children of the said W. G. Wallace; that the patent was issued pursuant to an application of the administrator of the estate of W. G. Wallace, deceased, and R. L. McCutcheon, and F. Bader; and that the said land and the whole thereof was located prior to the death of W. G. Wallace and was occupied and patented as a placer mining claim.

The court below found that when, prior to the making of the contract, defendant represented to plaintiff that she and her minor children had an interest in the land, he made a true representation. Counsel for the respective litigants are agreed that the correctness or falsity of this finding is the one vital issue upon which this appeal must fail or succeed. Defendant's theory is that Wallace's interest was merely possessory and did not pass to his administrator or to his estate by

descent and that the probate sales conferred no title whatever on the purchasers. Appellant insists that the title to a located mining claim is an estate of inheritance and passes by descent to the heirs the same as does any other real estate.

It will be observed that at the date of the death of Mr. Wallace he had the possessory interest which belonged properly to a locator of a mining claim, and the respondent insists that such interest is entirely analogous to that which arises under a desert entry, a pre-emption claim, and the like, citing *Emeric* v. *Penniman,* 26 Cal. 120; *Hartley* v. *Brown,* 46 Cal. 201; *Hartley* v. *Brown,* 51 Cal. 465; *Cooper* v. *Wilder,* 111 Cal. 191, [52 Am. St. Rep. 163, 43 Pac. 591], and *Wittenbrock* v. *Wheadon,* 128 Cal. 150, [79 Am. St. Rep. 32, 60 Pac. 664]. In all of these cases it was held that the heirs take by purchase and not by descent. But in a much later case decided in the ninth circuit of the United States circuit court of appeals, in an opinion prepared by Judge Gilbert, it is held that the possessory right of a locator of a mining claim is property and upon his death passes to his heirs by descent and not directly to them as the designated donees or beneficiaries of the United States under the mining laws, and that such rights may be subjected to administration and sold as other property by the executor or administrator (*O'Connell* v. *Pinnacle Gold Mines Co.,* 140 Fed. 854, [4 L. R. A. (N. S.) 919, 72 C. C. A. 645].) In the course of the opinion after a review of the provisions of the various land laws in which the heirs of the settler or claimant take as donees from the United States and not by descent, the following language is used: "But in the mining laws the grant is different. Section 2322 of the Revised Statutes [5 Fed. Stats. Ann., p. 13; U. S. Comp. Stats. 1901, p. 1425], gives to the locators, their heirs, and assigns, the exclusive right of possession and enjoyment of the surface of the claim and of the veins apexing therein; and in section 2324 it is provided that a claim on which the necessary work has not been done for one year shall be open to relocation unless the original locators, their heirs, assigns, or legal representatives, shall resume work before relocation. In addition to this the locator of a mining claim is given a higher estate than is given to the settler or locator under any other of the land laws. He is given the right to extract and convert to his own use all the ores and precious metals which may be found within the borders of his claim without buying or pay-

ing for the land.   His claim may be assigned, conveyed, mort-
gaged, and taken under execution.

"In *Forbes* v. *Gracey,* 94 U. S. 762, [24 L. Ed. 313], the
court said of unpatented mining claims:

" 'They are property in the fullest sense of the word, and
their ownership, transfer, and use are governed by a well-
defined code or codes of law, and are recognized by the states
and the federal government.   This claim may be sold, trans-
ferred, mortgaged, and inherited, without infringing the title
of the United States.'

"In *Belk* v. *Meagher,* 104 U. S. 279–283, [26 L. Ed. 735],
it was said:

" 'A mining claim perfected under the law is property in the
highest sense of that term, which may be bought, sold, and con-
veyed, and will pass by descent.'

"That language was quoted with approval in *Noyes* v.
*Mantle,* 127 U. S. 353, [8 Sup. Ct. Rep. 1132, 32 L. Ed. 168],
and in *Sullivan* v. *Iron & Silver Mining Co.,* 143 U. S. 434,
[12 Sup. Ct. Rep. 555, 36 L. Ed. 214], and other cases.

"In *Manuel* v. *Wulff,* 152 U. S. 505–510, [14 Sup. Ct. Rep.
651, 653, 38 L. Ed. 532], the court said:

" 'And by section 2322 of the Revised Statutes [5 Fed. Stats.
Ann. p. 13, U. S. Comp. Stats. 1901, p. 1425], it is provided
that, when such qualified persons have made discovery of min-
eral lands and complied with the law, they shall have the ex-
clusive right to possession and enjoyment of the same.   It
has, therefore, been repeatedly held that mining claims are
property in the fullest sense of the word, and may be sold,
transferred, mortgaged, and inherited without infringing the
title of the United States, and that, when a location is per-
fected, it has the effect of a grant by the United States of the
right of present and exclusive possession.'

"It is said against the force of these quotations from the de-
cisions of the supreme court that the remarks of the court in
regard to the nature of the mining locator's estate and its
descent by inheritance were in the nature of *dicta,* since no
question of the right of heirs was presented.   We think, how-
ever, that they are more than mere *dicta,* and that they must
be regarded, reiterated, as they have been, in so many de-
cisions, as having been intended to express affirmatively the
recognition by that court of the nature of such an estate as
it has been settled and defined by the uniform rulings of the

courts of the states in the mining country. In *Billings* v. *Aspen Mining & S. Co.*, 51 Fed. 338, [2 C. C. A. 252], the circuit court of appeals for the eighth circuit held that an unpatented mining claim passes by descent to the heirs at law of the deceased locator."

Respondent seeks to differentiate the case at bar from the one from which we have quoted on the ground that all of the probate sales were made after payment of the purchase price and at a time when the heirs were vested with the complete equitable title to the property. We do not see that this prevents the application of the principles announced in the opinion of the learned circuit court of appeals. The title by inheritance was in course of administration when the money was paid for the legal title to the United States government by the estate. True the patent was to Wallace's heirs, but their legal as well as their equitable title inured to the purchasers at the probate sales. Therefore the patent did not defeat those sales which were not void, but of full effect as demonstrated in the opinion quoted above.

On the authority of *O'Connell* v. *Pinnacle Gold Mines Co.*, 140 Fed. 854, [4 L. R. A. (N. S.) 919, 72 C. C. A. 645], the order denying appellant's motion for a new trial is reversed.

Henshaw, J., and Lorigan, J., concurred.